Pfeifer, J.,
dissenting.
{¶ 62} I dissent because, as I explain in my separate opinion in the companion case released today, In re Application of Columbus S. Power Co., 147 Ohio St.3d 439, 2016-Ohio-1608, 67 N.E.3d 734, the Public Utilities Commission (“PUCO”) does not have the statutory authority to act as it did.
{¶ 63} American Electric Power (“AEP”) charges all of its, for lack of a better word, regular customers for the cost of capacity, which is considered a fixed cost and includes the cost of building and maintaining its plant plus a fair rate of return on its investment. That number has been determined to be $188.88 per megawatt-day. But that rate is higher than the current market price. In order for competitive retail electric service (“CRES”) providers to be able to sell their service, they need access to capacity at a rate lower than actual cost. No one will pay them $188.88 per megawatt-day when the market rate from other providers is less than that.
{¶ 64} Ostensibly to promote a competitive market, the PUCO proclaimed, through its ratemaking capability, that AEP can charge CRES providers less than actual cost and that AEP’s other customers will make up the difference between the actual cost of capacity and the cost the CRES providers can afford to pay. It’s a great system for AEP, which doesn’t care where the money comes from; it’s a great system for the CRES providers, who pay less than the actual cost of capacity; and it is a horrible system for AEP’s regular customers, who have to pay the actual cost of capacity and the difference between that cost and what the CRES providers pay.
*74 Bruce J. Weston, Consumers’ Counsel, and Kyle L. Kern and Maureen R. Willis, Assistant Consumers’ Counsel; and Dane Stinson, for appellant and cross-appellee, Ohio Consumers’ Counsel.
Mike DeWine, Attorney General, William L. Wright, Section Chief, and John H. Jones, Thomas W. McNamee, and Steven L. Beeler, Assistant Attorneys General, for appellee and cross-appellee, Public Utilities Commission of Ohio.
Matthew J. Satterwhite and Steven T. Nourse; Porter, Wright, Morris & Arthur, L.L.P., Kathleen M. Trafford, Daniel R. Conway, and L. Bradfield Hughes; Murray, Murphy, Moul, & Basil, L.L.P., and James B. Hadden; MoloLamken, L.L.P., and Jeffrey A. Lamken, for appellee and cross-appellant, Ohio Power Company.
{¶ 65} The cost of capacity should be borne by all entities receiving electricity from the generation plant, not just those who don’t shop. The PUCO should be protecting the customers who remain loyal to their providers, not increasing their burden by forcing them to pay for somebody else’s discount. It’s unconscionable.
{¶ 66} The great irony of this case and its companion case is how little they ■ matter at this point. By now, much of the rate charges at issue have been collected. This means that even if the court found against AEP, which it most assuredly did not, there would be little impact on AEP. This court, as if intentionally proving how fallible it is, has steadfastly refused to allow rates that have been collected to be refunded, even if the rates were unjustified. In re Application of Columbus S. Power Co., 138 Ohio St.3d 448, 2014-Ohio-462, 8 N.E.3d 863, ¶ 56.
{¶ 67} I dissent.
O’Neill, J., concurs in the foregoing opinion.